UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TASHANNA BENNETT,<br><br>   Plaintiff,<br><br>v.<br><br>DELTA AIRLINES INCORPORATED, a Georgia Corporation, and/or any associated, subsidiary, managed, owned or controlled entities,<br><br>   Defendant. | Case No.: _____ |

**DELTA AIR LINES INCORPORATED'S NOTICE OF REMOVAL**

  Pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Delta Air Lines Incorporated (incorrectly named in the caption as Delta Airlines Incorporated and hereinafter, "Delta") as a named Defendant, hereby gives notice of its removal of this diversity action from the Ramsey County District Court, Minnesota where it is now pending, as Delta was served with Plaintiff's summons and complaint on April 29, 2021, to the United States District Court for the District of Minnesota. In support of this Notice of Removal, Delta asserts and avers as follows:

**FACTUAL ALLEGATIONS SUPPORTING REMOVAL**

  1. On April 29, 2021, Tashanna Bennett commenced a lawsuit in the Ramsey County District Court, Minnesota against Defendant, Delta. The Ramsey County Complaint relates to a May 3, 2015 incident in St. Paul, Minnesota involving an aircraft owned and operated by Delta.

  2. Pursuant to 28 U.S.C. §1446(a), Delta attaches to this notice the following papers, which are all of the process, pleadings, and orders served on it prior to removal of this action:

a. A true and correct copy of the Ramsey County District Court Summons and Complaint as **Exhibit A.**

3. Tashanna Bennett was a Minnesota resident at the time of the incident.

4. Delta is a corporation organized under the laws of the State of Georgia and Delta designates its corporate headquarters as Atlanta, Georgia. For the purpose of determining diversity, Delta is a citizen of Georgia. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

5. Plaintiff's Complaint asserts carelessness, negligence, and unlawful conduct against Defendants and seeks damages for past medical and other expenses, future medical and other expenses, past physical and mental pain, future physical mental and future pain, and permanent impairment of her earning capacity. See **Exhibit A**, ¶¶ III and IV.

6. Plaintiff's Complaint asserts that the amount in controversy exceeds $50,000. *See* **Exhibit A**, ¶ V.

7. Where the plaintiff's complaint specifies an amount that is lower than $75,000, the defendant "must show that it appears to a legal certainty that the amount in controversy exceeds the jurisdictional minimum." *See Kaufman v. Costco Wholesale Corp.,* 571 F. Supp. 2d 1061 (D. Minn. August 18, 2008).

**FEDERAL SUBJECT MATTER JURISDICTION EXISTS**

8. Pursuant to 28 U.S.C. § 1332, subject matter jurisdiction exists because Plaintiff and Defendant are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Kaufman*, 571 F. Supp. 2d at 1066.

2

253925853v.1

      **A.**      <u>**Complete Diversity Exists Between the Parties.**</u>

9.      Tashanna Bennett is citizen of Minnesota.

10.      Delta, as an incorporated entity, is a citizen of Georgia, where it respectively is incorporated and maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

11.      Complete diversity among the parties to this action exists under 28 U.S.C. § 1332(a)(1).

      **B.**      <u>**This Notice of Removal is Timely.**</u>

12.      This notice of removal is being filed within 30 days of Plaintiff serving Delta by personal service on April 29, 2021. Accordingly, Delta's removal is timely pursuant to 28 U.S.C. § 1446(b).

      **C.**      <u>**The Amount in Controversy Exceeds the Jurisdictional Requirement.**</u>

13.      Plaintiffs allege that the amount in controversy exceeds $50,000. *See* **Exhibit A**, ¶ V.

14.      The amount in controversy for diversity purposes is the amount required to satisfy the plaintiff's demands in full on the day the suit begins or, in the event of removal, on the day the suit was removed. *Kaufman*, 472 F.3d at 1064.

15.      The proponent of jurisdiction has the burden of showing "that it appears to a legal certainty that the amount in controversy exceeds the jurisdictional minimum." *Id*. To meet this burden, the defendant may submit proof that the verdict may exceed the jurisdictional minimum, or in the alternative, that it is apparent on the face of the complaint that the claims are likely above that amount. *Id*.

16. Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id*.

17. Tashanna Bennett's claims seek compensation for her past medical and other expenses, future medical and other expenses, past physical and mental pain, future physical mental and future pain, and permanent impairment of her earning capacity. *See* **Exhibit A**, ¶¶ III and IV.

18. Plaintiff's complaint alleges that Bennett was seated in the last row of the airplane and was using her sweatshirt as a cushion for her head. *See* **Exhibit A**, ¶ II.

19. Plaintiff's complaint alleges that the headrest on the airplane was not tall enough for Bennett to adequately lay her head on. *See* **Exhibit A**, ¶ II.

20. Plaintiff's complaint alleges that the flight staff asked her to put her sweatshirt down, and then excessive turbulence ensued. *See* **Exhibit A**, ¶ II.

21. Plaintiff's complaint alleges that as a result of the carelessness, negligence, and unlawful conduct of Defendant, Bennett was seriously and permanently injured when the turbulence and lack of proper headrest caused her to hit her head against a back wall of the airplane. *See* **Exhibit A**, ¶ II.

22. Plaintiff represents that her past medical care alone is in excess of $75,000.

23. In other Minnesota personal injury cases, Minnesota juries have awarded the plaintiff for permanent injuries, past and future medical expenses, and lost wages in excess of $75,000. *See Kaufman*, 571 F.Supp. 2d at 1064 (where the plaintiff offered evidence of cases involving similar injuries with settlement and amounts and jury verdicts in excess of the jurisdictional requirement).

24. Based upon the facts as alleged in Plaintiff's Complaint regarding Bennett's permanency and compensation, and Minnesota precedent, evidence establishes that the amount in controversy as to the plaintiff's damages exceeds the $75,000 jurisdictional threshold. *See Kaufman*, 571 F.Supp 2d at 1066.

25. Further, Plaintiff seeks economic losses for her past and future impairment of earning capacity. *See* **Exhibit A**, ¶ IV.

26. Considering the nature and extent of Plaintiff's claimed injuries and damages, the amount in controversy in this case exceeds the $75,000 threshold. *See* 28 U.S.C. § 1332(a).

**D.   Conclusion**

27. Delta has properly established its right to remove this lawsuit to this United States District Court. Delta further requests all relief that is just and appropriate under the circumstances.

Dated this 18th day of May, 2021.

    */s/ John P. Loringer*
John P. Loringer
Wilson Elser Moskowitz Edelman & Dicker LLP
555 East Wells Street, Suite 1730
Milwaukee, Wisconsin 53203
Phone: (414) 276-8816
Fax: (414) 276-8819
John.Loringer@wilsonelser.com

*Attorneys for Defendants Delta Air Lines Incorporated*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document, DEFENDANT, DELTA AIR LINES INCORPORATED was served on the below attorneys of record:

MICHAEL A. BRYANT, of Bradshaw & Bryant, PLLC, 1505 Division Street, Waite Park, MN 56387, mike@minnesotapersonalinjury.com, via Electronic Mail this X day of May, 2021.

                                        */s/ Margret L. Larson*
                                        Margret L. Larson